UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Eddie Ellis, III,

        Petitioner,

vs.                          REPORT AND RECOMMENDATION

Lisa J.W. Hollingsworth, Warden,

        Respondent.          Civ. No. 04-3355 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2241. The Petitioner appears pro se, and the Respondent appears by Erika R. Mozangue, Assistant United States Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

## II. Factual Background

On December 14, 2001, the Petitioner was sentenced by the United States District Court, for the Central District of Illinois, to a term of two hundred ten (210)

months imprisonment, after he had been convicted of conspiracy to traffic crack cocaine, and marijuana, in violation of Title 21 U.S.C. §§841(b)(1)(A), and 846. The Petitioner was committed to the custody of the Federal Bureau of Prisons ("BOP"), and he is presently incarcerated at the Federal Correctional Institution, in Sandstone, Minnesota ("FCI-Sandstone").

The Petitioner filed a Petition for a Writ of Habeas Corpus on July 22, 2004, alleging that the BOP was calculating his term of custody in a manner that was violative of the United States Constitution. Specifically, the Petitioner asserts that the BOP's methodology for calculating his jail-time credit, under 28 C.F.R. 523.20, violates the statutory directives contained in Title 18 U.S.C. §3624, and accordingly, that he is entitled to more jail-time credit than he has been credited by the BOP. Prior to his Federal Court Petition for Habeas Corpus relief, the Petitioner had not sought relief on this claim within the BOP's administrative process. The Petitioner's projected release date is March 22, 2016.

### III. Discussion

A.  The Petitioner's Failure to Exhaust Administrative Remedies.

1.  Standard of Review. It is well-settled that Federal prisoners must exhaust their available administrative remedies before seeking Federal Habeas Corpus

relief under Title 28 U.S.C. §2241.  See, United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000), citing Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387-88 (8th Cir. 1989)[citations omitted].  "Exhaustion of administrative remedies serves numerous purposes, including protecting the authority of administrative agencies, limiting interference in agency affairs, and promoting judicial efficiency by resolving potential issues and developing the factual record." Beharry v. Ashcroft, 329 F.3d 51, 56 (2nd Cir. 2003); see also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992); Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976).

"The requirement of administrative exhaustion can be either statutorily or judicially imposed," and "the distinction between the two exhaustion requirements can be pivotal * * * because statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions."  Beharry v. Ashcroft, supra at 56-57; see also, Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541 (9th Cir. 2004).  The exhaustion requirement for Habeas Petitions, which are brought under Section 2241, is a judicially created doctrine.  See, Acevedo-Carranza v. Ashcroft, supra at 541; Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004); Colton v. Ashcroft, 299 F. Supp.2d 681, 689 (E.D. Ky. 2004). As such, exhaustion of administrative remedies is not a jurisdictional prerequisite to

the filing of a Petition under Section 2241.  See, Antonelli v. Gilkey, 191 F.3d 455, 1999 WL 638518 at *2 (7th Cir., August 19, 1999); Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50 (1995). "Therefore, failure to exhaust administrative remedies does not divest [a] court of jurisdiction in [a] habeas corpus case." Dougherty v. Crabtree, 812 F. Supp. 1089, 1091 (D. Or. 1991).

A Court has the discretion to excuse a petitioner's failure to exhaust, and to reach the merits of the Petition. See, Acevedo-Carranza v. Ashcroft, supra at 541; Antonelli v. Gilkey, supra at *2, citing Brown v. Rison, supra at 535; Dougherty v. Crabtree, supra at 1091.  Considering the policies favoring exhaustion, a Court's discretion to excuse a petitioner's failure to exhaust his administrative remedies is limited to situations involving special circumstances necessitating such action. See, e.g., Kendrick v. Carlson, supra at 1447 ("[The petitioner] has not demonstrated any special circumstances that would lead us to conclude that exhaustion should not be required in this case."); Dougherty v. Crabtree, supra at 1091 (stating that the exhaustion of remedies is required "except when unique circumstances require its waiver").

"[E]xhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" Beharry v. Ashcroft, supra at 62, quoting Able v. United States, 88 F.3d 1280, 1288 (2nd Cir. 1996); see also, Gonzalez v. O'Connell, supra at 1016.  The exhaustion of administrative remedies becomes futile when "there is 'no reasonable prospect that [the petitioner] could obtain any relief'" by pursuing a claim with the administrative agency.  Gonzalez v. O'Connell, supra at 1016-17, quoting Health Equity Res. Urbana, Inc. v. Sullivan, 927 F.2d 963, 965 (7th Cir. 1991); see also, Colton v. Ashcroft, supra at 690 ("Resort to administrative remedies is futile if there has been a prior indication from the agency that * * * it has evidenced a strong position on the issue together with an unwillingness to reconsider.")[internal quotations omitted].

        2.    <u>Legal Analysis</u>.  The Respondent urges us to refrain from determining the merits of the Petitioner's Petition, because he has failed to exhaust his administrative remedies.  The Petitioner does not dispute that he has failed to exhaust his administrative remedies, but instead, he argues that he should be excused from

- 5 -

exhausting his administrative remedies.  In making that argument, the Petitioner contends that exhaustion of administrative remedies would be futile, in light of the BOP's longstanding position with respect to its interpretation as to how jail-time credit should be administered under Title 18 U.S.C. 3624(b).

Of course, we may decline to hear the merits of the Petitioner's Petition for Habeas Corpus, since he has failed to exhaust those administrative remedies which could afford the relief sought.  See, Kendrick v. Carlson, supra at 1447; Leighnor v. Turner, supra at 387-88; Merki v. Sullivan, 853 F.2d 599, 600-01 (8th Cir. 1988). Nevertheless, since the exhaustion requirement is not a jurisdictional prerequisite to our consideration of the Petitioner's Petition under Section 2241, we are empowered to excuse the Petitioner's failure to exhaust his administrative remedies, and reach the merits of his Petition if the circumstances so dictate.  See, Brown v. Rison, supra at 535.

The BOP has promulgated Regulations which govern the granting of jail-time credit under Title 18 U.S.C. §3624(b).  See, 28 C.F.R. §523.20.  The computation of jail-time credit, under that Regulation, is further guided by BOP Program Statement 5880.28.  The BOP has consistently taken the position that its Regulation, and its Program Statement interpreting Title 18 U.S.C. §3624(b), are valid.  See generally,

White v. Scibana, 314 F. Supp.2d 834 (W.D. Wis. 2004)("White I"), rev'd, 390 F.3d 997 (7th Cir. 2004)("White II"); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert. denied, 535 U.S. 1105 (2002); Brown v. Hemingway, 53 Fed.Appx. 338, 2002 WL 31845147 (6th Cir. December 16, 2002); Graves v. Bledsoe, 2004 WL 1941231 (W.D. Va. August 19, 2004).

Since the Petitioner's sole contention, in his Habeas Petition, is that the BOP's Regulation and Program Statement violate Title 18 U.S.C. §3624(b), any attempt by the Petitioner to seek administrative relief from the BOP would have been futile. See, Martinez v. Wendt, 2003 WL 22456808 at *1 (N.D. Tex., October 24, 2003) ("Petitioner's claim of futility is meritorious since it is unlikely in the extreme that were he to pursue additional administrative remedies the Bureau of Prisons would grant relief in his individual case in contravention to its own published regulations."), adopted, 2003 WL 22724755 (N.D. Tex., November 18, 2003); see also, Knish v. Stine, 347 F. Supp.2d 682, 686-87 (D. Minn. 2004)(citing cases); Colton v. Ashcroft, supra at 690. Therefore, we overlook the Petitioner's failure to exhaust his administrative remedies, and proceed to the merits of his claim.[1]

---

[1] While we recognize that the Court in Bafia v. Graber, 2004 WL 2381870 at *3
(continued...)

B.    The BOP's Computation of the Petitioner's Jail-Time Credit.

As we have noted, the Petitioner's sole Habeas claim is that the BOP's method of computing jail-time credit, under 28 C.F.R. §523.20, violates the statutory directive of Title 18 U.S.C. §3624(b). Section 3624(b) provides as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. * * * Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

---

[1](...continued)
(N.D. Ill. October 19, 2004), dismissed a Section 2241 Habeas Corpus Petition under closely analogous circumstances, we cannot conclude that the administrative remedies available to the Petitioner would provide him a reasonable prospect for relief. See, Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004). As such, we concur with those Courts which have waived the exhaustion requirement, also under closely analogous circumstances. See, Martinez v. Wendt, 2003 WL 22456808 at *1 (N.D. Tex., October 24, 2003), adopted, 2003 WL 22724755 (N.D. Tex., November 18, 2003).

In order to assist in the administration of that statute, the BOP promulgated 28 C.F.R. §523.20, which provides as follows:

> Pursuant to 18 U.S.C. 3624(b), * * * an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

In addition, the BOP has promulgated Program Statement 5880.28, which prescribes the formula by which the BOP calculates jail credit.

Under both the Regulation, and the Program Statement, jail-time credit is calculated based on the actual time a prisoner has served, rather than the entire length of his sentence. As a result, instead of simply multiplying the number of years in a prisoner's sentence by fifty-four (54), so as to determine the number of days of jail-time credit a prisoner is entitled to receive, the BOP's formula only grants prisoners jail-time credit for the actual time that they are incarcerated. Under the BOP's formula, a prisoner will not receive jail-time credit for those portions of his sentence that he does not actually serve.

The Petitioner contends that the BOP's Regulation, and the Program Statement, violate the unambiguous language of Section 3624(b), which requires the BOP to grant Federal prisoners jail-time credit in the amount of "54 days at the end of each year of

the prisoner's term of imprisonment." Title 18 U.S.C. §3624(b). Specifically, the Petitioner argues that the computation of jail-time credit, based upon actual "time served," is inconsistent with the statutory language -- "term of imprisonment."

In the face of a challenge to the interpretation of a statute by an Administrative Agency, a Court must determine: 1) whether the language of the statute is ambiguous; and, if so 2) whether the agency's interpretation of the statute is reasonable. See, Chevron USA Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 842-45 (1984). "[W]here Congress has enacted a law that does not answer the precise question at issue, all [a Court] must decide is whether the [agency] * * * has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design." Lopez v. Davis, 531 U.S. 230, 242 (2001)[internal quotations omitted]; see also, Zacher v. Tippy, 202 F.3d 1039, 1044 (8th Cir. 2000)(holding that a Court must defer to an agency's interpretation, "as long as it is a permissible construction of the statute").

Our Court of Appeals recently addressed the precise issue of whether the BOP's calculation of good-time credit, based on actual "time served," violates the "term of imprisonment" language contained in Title 18 U.S.C. §3624(b). In James v. Outlaw, 2005 WL 677769 (8th Cir., March 24, 2005), the Court held that Section

3624(b) is ambiguous, and that the BOP Regulation is entitled to deference, under Chevron, and is a reasonable interpretation of the Statute. Numerous other Courts have reached similar conclusions. See, Whitfield v. Hollinsworth, 2004 WL 3049763 at *2 (D. Minn., December 30, 2004); see also, White II, supra; Perez-Olivio v. Chavez, 394 F.3d 45, 51-52 (1st Cir. 2005); Pacheco-Camacho v. Hood, supra at 1267; Brown v. Hemingway, supra; Moore v. Bureau of Prisons, 2004 WL 2609589 at *1 (S.D.N.Y., November 17, 2004); Young v. Ashcroft, 2004 WL 2624724 at *1 (D. Or., November 16, 2004); Martinez v. Wendt, supra at *1; Pasciuti v. Drew, 2004 WL 1247813 at *1 (N.D.N.Y., June 2, 2004); Graves v. Bledsoe, supra at *1. In all of those cases, the Courts have upheld the BOP's interpretation of Title 18 U.S.C. §3624(b), as reasonable under Chevron.

As far as the Court can tell, the Petitioner's interpretation of Section 3624(b) has been accepted in only three District Court decisions. See, White I, supra; Williams v. Dewalt, 351 F. Supp.2d 412 (D. Md. 2004); Moreland v. Federal Bureau of Prisons, 2005 WL 757154 (S.D. Tex., April 1, 2005). The Court's holding, in White I, has been sharply criticized by other Courts, see Pasciuti v. Drew, supra at *5 ("[T]his Court disagrees with the White court's, and now Petitioner's analysis, as such reasoning focuses solely on the phrase 'term of imprisonment.'"); Graves v. Bledsoe,

supra at *1 ("[The petitioner] suggests no rationale for this interpretation, instead directing this court to a Wisconsin case in which a judge was persuaded by this rather dubious logic."), and the decision was subsequently reversed by the United States Court of Appeals for the Seventh Circuit. See, White II, supra at 1003. Courts have likewise rejected the reasoning in the other two decisions -- namely, Williams v. Dewalt and Moreland v. Federal Bureau of Prisons -- and have upheld the BOP Regulation. See, O'Donald v. Johns, 402 F.3d 172, 174 (3rd Cir. 2005); Garcia v. Zenk, 2005 WL 950640 (E.D.N.Y., April 26, 2005); Germany v. Smith, 2005 WL 428585 at *1, n. 1 (M.D.Pa., February 23, 2005); Tash v. Zenk, 2005 WL 503938 (E.D.N.Y., February 15, 2005).

Consistent with the overwhelming majority of Federal Courts, including those within our District, we find the reasoning of White I, Williams, and Moreland, to be unconvincing, and we reject the conclusions drawn therein. The BOP's application of good-time credit, which is based on actual time served, is a reasonable interpretation of Section 3624(b). In construing the statutory provision, it can fairly be said that, if the statute is ambiguous, the result favors the BOP's interpretation, rather than that of the Petitioner. Specifically, in reading the phrase "term of imprisonment" in conjunction with the language "at the end of each year," Congress

seems to have implied that a prisoner is not entitled to the fifty-four (54) days of good-time credit unless, and until, he serves the year of imprisonment for which the good-time credit applies.  To the extent that Congress has not made such a statement with specificity, the issue falls within a statutory gap, upon which we extend deference to the BOP's construction.

The BOP's interpretation of Title 18 U.S.C. §3624(b), as only allowing jail credit for actual time served, is reasonable.  As explained by the Court in Graves:

> Under [the Petitioner's] interpretation, an inmate serving a ten-year sentence would be credited with 540 days of [jail-time credit] even though, due to the [jail-time credit], the inmate would not serve the entire ten-year sentence. Therefore, the inmate would receive [jail-time credit] for time in advance of the year for which the [jail-time credit] was to be earned. Essentially, during his ninth year of incarceration, the BOP would have to grant the inmate 54 days of [jail-time credit] for his tenth year of imprisonment, even though he would not serve any of his tenth year of imprisonment. Logically, this conflicts with the statute's plain language, which requires the BOP to credit the inmate only "at the end of each year."  18 U.S.C. §3624(b)(1). Such an interpretation is not consistent with the plain language of the statute. Therefore, an ambiguity is apparent in the statute.
>
> Under the BOP's interpretation, an inmate serving a ten-year sentence would receive approximately 470 days of [jail-time credit]. The inmate would receive [jail-time credit] in blocks

>of 54 days at the end of each year in which he was actually incarcerated. He would then receive a prorated [jail-time credit] award for the portion of his final,
>
>ninth, year that he actually served.

Graves v. Bledsoe, supra at *1-2.

The sole contention advanced by the Petitioner is that the BOP's application of jail-time credit, under 28 C.F.R. §523.20, violates the express language of Title 18 U.S.C. §3624(b). Since we find the Petitioner's argument to be without merit, we recommend that his Petition be dismissed.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be dismissed.


Dated: May 10, 2005                    s/Raymond L. Erickson
                                       Raymond L. Erickson
                                       UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than May 27, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 27, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.